UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SOLARIS CAPITAL, LLC, a Delaware limited
liability company,

        Plaintiff,

v.

SOLARIS EQUITY PARTNERS, LLC, a Minnesota
limited liability company,

        Defendant.

Case No. _____

## COMPLAINT

Plaintiff, Solaris Capital, LLC ("Solaris Capital") hereby sues defendant Solaris Equity Partners, LLC ("Solaris Equity"), and in support thereof states:

### Parties, Jurisdiction, and Venue

1. This is a cause of action for trademark infringement, false affiliation, and unfair competition.

2. Plaintiff Solaris Capital, LLC ("Solaris Capital") is a limited liability company organized under the laws of the State of Delaware. Solaris Capital maintains a principal office at 1515 Sunset Drive, Suite 32, Miami, Florida 33143.

3. Defendant Solaris Equity Partners, LLC ("Defendant") is a limited liability company organized and existing under the laws of State of Minnesota with a principal office at 202 N. Cedar Ave, Suite #1, Owatonna, MN 55060.

4. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and supplemental state law. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over Solaris Capital's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because this action arises from Defendant's infringing activities within the State of Florida and the damages caused by Defendant's infringing activities are suffered by Solaris Capital in the State of Florida. Specifically, Defendant's knowing infringement of Solaris Capital's mark causes damages to accrue in Florida, Solaris Capital's principal place of business and home of Solaris Capital's company headquarters.

6. Venue is proper within this judicial district pursuant to 26 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within the State of Florida.

7. All conditions precedent to the bringing and maintenance of this civil action have been performed, were waived, would be futile if attempted, or have otherwise occurred or been satisfied.

8. Solaris Capital has retained undersigned counsel to represent it in this civil action and has obligated itself to pay reasonable attorney's fees therefor.

**General Allegations**

*The Solaris Capital Mark*

9. Solaris Capital is a real estate investment firm engaged in providing alternative, flexible capital for real estate transactions across multiple property types.

10. Solaris Capital has a pending registration on the Principal Register at the United States Patent and Trademark Office ("USPTO") under Serial Number 97043217:

    a. SOLARIS CAPITAL, United States Trademark Serial Number 97043217 was applied for by Solaris Capital on September 24, 2021 (the "Solaris Capital Mark").

A copy of the application is annexed hereto as Exhibit 1.

11. Solaris Capital has openly and notoriously used the Solaris Capital Mark. Solaris Capital prominently uses and displays the Solaris Capital Mark on a variety of media, including, without limitation, Solaris Capital's websites, including those located at http://solariscapital.com and http://solariscapital.net. Solaris Capital has openly and notoriously used the Solaris Capital Mark in interstate commerce for over five (5) consecutive years and, in fact, from 2014.

*Defendant's Infringing Actions*

12. Defendant owns and operates the domain names <solariscm.com> and <solarisequity.com> owns and operates the website (the "Infringing Website") hosted at said domain name. A copy of the Infringing Website is annexed hereto as Exhibit 2.

13. Defendant purports to be engaged in the financial services industry, including providing real estate investment services.

14. Defendant has adopted a name and mark – Solaris Equity Partners – that is confusingly similar to the Solaris Capital Mark. Defendant's name and mark wholly incorporates the dominant portion of the Solaris Capital Mark. Defendant purports to conduct business in the same markets as Solaris Capital.

15. Additionally, Defendant's website utilizes domain names <solariscm.com> and <solarisequity.com> that are confusingly similar to Solaris Capital's domain name <solariscapital.net>.

16. Solaris Capital put Defendant on notice of Solaris Capital's rights in the Solaris Capital Mark through a cease and decease letter sent by Solaris Capital to Defendant.  Despite receiving this letter, Defendant has made no effort to state or otherwise disclaim that it is not related to the well-known Solaris Capital, allowing consumer confusion to work to their benefit. Defendant's actions are therefore willful.

17. For the foregoing reasons it is clear that Defendant's use of the name Solaris Equity Partners is intended to and does cause confusion with consumers who are otherwise looking for Solaris Capital.

18. At no time has Defendant sought or received permission or license from Solaris Capital to use the Solaris Capital Mark.

19. Defendant's use of such a confusingly similar mark in its very name, domain name, and website, coupled with Solaris Capital's well-known use of the Solaris Capital Mark, can only be explained by an intention on the part of Defendant to wrongfully profit from and trade off of Solaris Capital's valuable goodwill and reputation in the real estate investment market in the United States.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement in violation of 15 U.S.C. § 1114)**

20. Solaris Capital realleges and adopts preceding paragraphs 1 through 19 as if fully set forth herein.

21. Solaris Capital has applied for the federal registration for the Solaris Capital Mark for, *inter alia*, real estate financing services.

22. Defendant's unauthorized use of the term "Solaris" as a mark in connection with its real estate financial services is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendant with Solaris Capital. Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

23. By reason of Defendant's acts alleged above, Solaris Capital has suffered and will continue to suffer monetary damages and irreparable harm to the value of the goodwill of the Solaris Capital Mark, as well as irreparable harm to Solaris Capital's business, goodwill, and reputation. Solaris Capital has no adequate remedy at law because damage to Solaris Capital's goodwill and reputation are continuing and difficult or impossible to ascertain.

24. Defendant's continued use of the Solaris Capital Mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the Solaris Capital Mark.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin in Violation of 15 U.S.C. § 1125(c))

25. Solaris Capital realleges and adopts preceding paragraphs 1 through 19 as if fully set forth herein.

26. The Solaris Capital Mark is inherently distinctive or have acquired distinctiveness among the relevant trade and public as identifying Solaris Capital's real estate investment business.

27. Defendant's use of the substantially similar mark to identify its business and website for its sale and delivery of real estate investment services in the same region of operation as Solaris Capital is causing and is likely to cause confusion, mistake or to deceive consumers as to the affiliation, connection, or associate of Defendant's services with those of Solaris Capital, or as to the origin, sponsorship, or approval of Defendant's services by Solaris Capital.

28. Defendant's use of the substantially similar mark in connection with its real estate financial services business constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

29. By reason of Defendant's acts alleged above, Solaris Capital has suffered and will continue to suffer monetary damages and irreparable harm to the value of the goodwill of the Solaris Capital Mark, as well as irreparable harm to Solaris Capital's business, goodwill, and reputation. Solaris Capital has no adequate remedy at law because damage to Solaris Capital's goodwill and reputation are continuing and difficult or impossible to ascertain.

30. Defendant's continued use of the Solaris Capital Mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the Solaris Capital Mark.

### THIRD CLAIM FOR RELIEF
### (Florida Unfair Competition)

31. Solaris Capital realleges and adopts preceding paragraphs 1 through 19 as if fully set forth herein.

32. Solaris Capital is the owner of the Solaris Capital Mark.

33. The Solaris Capital Mark is a valid and enforceable service mark.

34. The Solaris Capital Mark is at least suggestive or have acquired secondary meaning.

35. Defendant is using a confusingly similar trade symbol to identify a similar good marketed or services rendered in competition with Solaris Capital in the same area as Solaris Capital's established Solaris Capital Mark.

36. Defendant's actions will likely cause consumer confusion as to the origin or sponsorship of Defendant's goods or services.

37. By reason of Defendant's acts alleged above, Solaris Capital has suffered and will continue to suffer monetary damages and irreparable harm to the value of the goodwill of the Solaris Capital Mark, as well as irreparable harm to Solaris Capital's business, goodwill, and reputation. Solaris Capital has no adequate remedy at law because damage to Solaris Capital's goodwill and reputation are continuing and difficult or impossible to ascertain.

38. Defendant's continued use of the Solaris Capital Mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the Solaris Capital Mark.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter Judgment in its favor as follows:

(A) Granting temporary, preliminary, and permanent injunctive relief enjoining Defendant and each of their affiliates, subsidiaries, officers, directors, agents,

servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

 (i) using the Solaris Capital Mark, or any other mark confusingly similar thereto in connection with the promotion of its products, services, or brand;

 (ii) otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendant or any of their services are associated, affiliated or sponsored by Solaris Capital or are authorized by Solaris Capital, in whole or in part in any way;

(B) Ordering transfer of the registration for the domain names www.solariscm.com and www.solarisequity.com to Solaris Capital.

(C) Ordering that Defendant accounts for and pays to Solaris Capital any and all profits Defendant has received by its conduct alleged herein;

(D) Awarding to Solaris Capital any and all damages and losses suffered by Solaris Capital as a result of Defendant's conduct as set forth herein, and treble such damages as provided by law;

(E) Awarding to Solaris Capital the costs of this action and its reasonable attorneys' fee and expenses.

(F) Awarding Solaris Capital pre-judgment and post-judgment interest on all damages recovered by or awarded to it; and

(G) Granting such other and further relief as the Court deems equitable and appropriate.

Dated: January 3, 2022

  /s/ Daniel J. Barsky
HOLLAND & KNIGHT LLP
Daniel J. Barsky, Esq.
Florida Bar No.: 25713
daniel.barsky@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: 305.374.8500
Fax: 305.789.7799

Attorneys for Plaintiff